IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NICKULIS GILLIS,
Inmate No. M33752,
    Plaintiff,

vs.                                        Case No. 5:17cv308/MCR/EMT

APALACHEE CORRECTIONAL
INSTITUTION MEDICAL DEPARTMENT, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 13).

Plaintiff, an inmate of the Florida Department of Corrections incarcerated at Apalachee Correctional Institution ("ACI"), names as Defendants the medical department as well as other health officials at ACI. Plaintiff complains about a medical problem in his right heel, for which he has seen only one nurse who has prescribed only a single ointment that has been ineffective (ECF No. 1 at 5). He seeks injunctive relief to receive proper medical attention to the problem.

The court takes judicial notice that, one month prior to filing this case, Plaintiff filed another case in this court, Gillis v. Hosseini, Case No. 5:17cv290/MCR/CJK.[1] This previously filed case is also a pending civil rights cause of action involving the same medical problem with Plaintiff's heel, the same essential set of facts, and the same Defendants, the lone exception being the addition of Defendant Health Services Administrator D. McGowan to the instant case (*compare* ECF No. 1 in Case No. 5:17cv290/MCR/CJK *with* ECF No. 1 here).  Since the instant case is in sum and substance a duplication of Plaintiff's previously filed case, it is subject to dismissal without prejudice.  If Plaintiff desires to pursue his claim against Defendant McGowan, he should seek to amend the complaint in his previous case to add this Defendant, which might otherwise be required under Fed. R. Civ. P. 19(a).

Accordingly, it respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE**.

---

[1] The doctrine of judicial notice permits a judge to consider its own court dockets and opinions therein.  *See* Fed. R. Evid. 201(b); McDowell Bey v. Vega, 588 F. App'x 923, 926–27 (11th Cir. 2014); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005).

At Pensacola, Florida, this 4th day of June 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No: 5:17cv308/MCR/EMT